(40 Misc. Rep. 657.)

### EQUITABLE LIFE ASSUR. SOC. OF U. S. v. SCHUM.

(Supreme Court, Appellate Term. March, 1903.)

1. LANDLORD AND TENANT—HOLDING OVER—PROCEEDING TO REMOVE—PETITION—SUFFICIENCY.

In a proceeding under the statute to remove defendant as tenant from premises, for holding over without permission after his term had expired, a petition made by one who swore therein that he was the agent in respect to the premises of the owners and landlords of such premises, sufficiently set forth the facts in respect to the title or interest of the landlords.

2. SAME—LEASE—ESTOPPEL.

A tenant taking possession of premises under a written agreement signed by him, and treated by the landlord as a lease, though not signed by the latter, cannot question the validity of such agreement in a proceeding to remove him for holding over after expiration of his term.

3. SAME—PAROL EVIDENCE TO VARY.

Testimony that the tenancy was not for one year, as shown by a written lease, but from month to month, was an attempt to vary the terms of such written instrument by parol, and inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 89.

Matter of summary proceedings brought by the Equitable Life Assurance Society of the United States, as landlord, against Oscar O. Schum, as tenant. From a final order entered on a verdict directed in favor of the landlord on the trial, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Sackett & McQuaid, for appellant.
Alexander & Colby, for respondent.

FREEDMAN, P. J. This was a proceeding, brought under the statute, to remove the defendant, as tenant, from premises No. 2295 Eighth avenue, for holding over, without permission of the landlord, after his term had expired. The tenant offers three reasons for the reversal of the order in this case, viz., that the petition is defective, in that it does not sufficiently set forth the title or interest of the landlord in the premises; that an agreement for hiring offered by the landlord, and admitted in evidence by the court, was improperly received; and that the direction of a verdict was error.

The petition was made by one Erastus Hamilton, who swore therein that he was "the agent, in respect to the premises hereinafter described, of the Equitable Life Assurance Society of the United States, who are the owners and landlords of the following premises." This sufficiently sets forth the facts necessary to confer jurisdiction upon the court. The written agreement referred to was not signed by the landlord, but was signed by the tenant. The landlord elected to treat it as a lease. The tenant took possession of the premises under said agreement, and cannot now question its validity. McAdam, Landl. & Ten. (3d Ed.) 127. The testimony offered on the part of the tenant, to the effect that the tenancy was not a tenancy for one year, but from month to month, was received under objection, and was improper, as it was an attempt to vary the terms of a written instrument by parol, and such testimony had no legal effect.

At the close of the whole case there was no legal, competent evidence contradicting the testimony given on the part of the landlord. Consequently there was no issue of fact to be submitted to the jury. Neither did the tenant object or except to a direction of a verdict in favor of the landlord.

Final order affirmed, with costs. All concur.